**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIDELA AVINA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 17-cv-06474 |
| GC SERVICES LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) ) | Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Fidela Avina, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

### STANDING

3.      Defendant sent Plaintiff a collection letter that failed to accurately state her statutorily required notice of rights under the FDCPA.

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector with adequate disclosure of her rights under the law. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Fidela Avina ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Synchrony Bank/Gap credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant GC Services Limited Partnership ("GCS") is a Delaware limited partnership with its principal place of business at 6330 Gulfton, Houston, Texas 77081. It does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8.      GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      GCS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10.     GCS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Synchrony Bank/Gap credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12.     Due to her financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

13.     On or about July 28, 2017, GCS sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14.     The Letter conveyed information regarding the alleged debt, including an account number, and a total balance due on the alleged debt.

15.     The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

16.     The Letter was GCS's initial communication with Plaintiff.

17.     The Letter included notices, as required under 15 U.S.C. § 1692g(a), that Plaintiff had thirty (30) days after the receipt of the Letter to exercise several rights, including the right to dispute the debt.

18.     However, the Letter states that the dispute must be in writing, unless the debtor lives in New Jersey, Delaware, or Pennsylvania.

19.     In fact, the dispute does not need to be in writing, and Defendant's statement to the contrary is a false statement.

20.     15 U.S.C. § 1692g(a) of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; . . .**

21.     GCS failed to adequately notify Plaintiff of her right to dispute an alleged debt, in violation of § 1692g(a)(3) of the FDCPA, when it stated that Plaintiff is required to dispute the validity of the debt in writing, except if she lives in New Jersey, Delaware, or Pennsylvania.

22.     Section 1692g(a)(3) does not required a consumer to dispute the validity of a debt in writing; an oral dispute is just as valid.

23.     An oral dispute, like a written dispute, triggers certain requirements by the debt collector, such as updating the status of an account tradeline on the consumer's credit report as "disputed" if the debt collector elects to report information to the credit bureaus at all, pursuant to 1692e(8) of the FDCPA. *See Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 491 (4th Cir. 2014).

24.     Adding that a dispute must be in writing is a deviation from the statutory requirements stated in § 1692g and creates an additional step for the consumer, which is not expressly required by § 1692g(a)(3). *See Bishop v. Ross Earle & Bonan, P.A.*, ___ F.3d ___, 2016 WL 1169064 (11th Cir. Mar. 25, 2016); *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487 (4th Cir. 2014); *Hooks v. Forman, Holt, Eliades & Ravin, L.L.C.*, 717 F.3d 282 (2d Cir. 2013); *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1099 (9th Cir. 2012); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078 (9th Cir. 2005); *but see Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991).

25.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

26.     Plaintiff, Fidela Avina, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted Synchrony Bank account (3) using an initial letter substantially similar to that of Exhibit C.

27.     Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

28.     As the letter was a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit C.

29.     Plaintiff Avina's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30.     The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

31.     Plaintiff Avina will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Avina has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff re-alleges above paragraphs as if set forth fully in this count.

33.     GCS failed to adequately notify Plaintiff of her right to dispute an alleged debt, in violation of § 1692g(a)(3) of the FDCPA, when it stated that Plaintiff is required to dispute the validity of the debt in writing, except if she lives in New Jersey, Delaware, or Pennsylvania.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff Avina and the class members and against Defendant as follows:

A.  Statutory damages in favor of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

B.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com